UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

December 2, 2020

BY EMAIL
Stanley Abler
Pro Se
P.O. Box 1268
Pasadena, MD 21123

Gary Gilkey, Esq.
Baltimore City Law Department
100 N. Holliday St.
Baltimore, MD 21202

        Subject:    Abler v. City of Baltimore, et al.
                    Civil No.: BPG-18-3668

Dear Counsel and Mr. Abler:

        I have reviewed your letters, filed pursuant to my informal discovery dispute procedure, of November 12, 2020 (ECF No. 82) and November 13, 2020 (ECF Nos. 83, 84) detailing outstanding discovery disputes regarding plaintiff's Document Request No. 20 and plaintiff's Interrogatory No. 16.

        Regarding plaintiff's Production Request No. 20, I previously instructed defendants to provide Special Reports for all identified individuals. (ECF No. 81). Plaintiff argues that Special Reports were required for individuals listed on Exhibit H but defendants state that Special Reports were not required for these individuals. (ECF No. 83 at 2). Defendants instead maintain that the Exhibit H individuals entered into settlement agreements, which were provided to plaintiff. (Id.) Plaintiff argues that he witnessed two additional employees complete Special Reports, but defendants state that they have provided all Special Reports in their possession. (Id. at 2-3). Defendants indicated they would follow-up with Captain Wayne Robinson if plaintiff provided the names of these two additional employees. (Id. at 3). Defendants should produce any additional responsive documents they have and in addition, should affirm, in writing, to plaintiff that all responsive documents have been produced. Any additional documents and the affirmation should be produced by no later than **December 16, 2020**.

        Regarding plaintiff's Interrogatory No. 16, plaintiff requests the names, separation letters, and accommodation request paperwork associated with similarly situated employees, arguing that these documents will show whether plaintiff was treated differently by defendants than these other employees and allow plaintiff to depose these employees. Defendants have identified two similarly situated employees. (ECF No. 83 at 1-2). In the case of similarly situated employees in discrimination cases, identifying information and personnel records are discoverable, despite privacy concerns, if the court finds "(1) [the] material is clearly relevant; and (2) the need for disclosure is compelling because the information sought is not otherwise readily available." James v. Peter Pan Transit Mgmt., Inc., No. 5:97-CV-747-BO-1, 1999 WL 735173, at *11 (E.D.N.C. Jan. 20, 1999); see also Kirkpatrick v. Raleigh Cnty. Bd. of Educ., No. 95-2491, 1996 WL 85122, at *2 (4th Cir. Feb. 29, 1996). Given the privacy and sensitivity of these

Abler v. City of Baltimore, et al.
Civil No.: BPG-18-3668
December 2, 2020
Page 2

records, the court "must weigh the significant privacy interests at stake against the need for the information contained in the personnel files." Halim v. Baltimore City Bd. of Sch. Comm'rs, No. WMN-11-2265, 2012 WL 2366338, at *2 (D. Md. June 20, 2012).

In this case, plaintiff has adequately articulated the need for these sensitive documents – without them, plaintiff will not be able to ascertain if the similarly situated individuals received different treatment than he did following the onset of their disability.  This information is vital to plaintiff's claim of discrimination.  Given the sensitivity of these documents, however,  a protective order must be in place to govern the use of this information.

So as to facilitate the entry of the protective order, and to ensure that plaintiff is advised as to the requirements and restrictions of the protective order, I am appointing, by separate letter,  Mr. Rafiq Gharbi, Esq. who has been appointed to represent plaintiff in connection with settlement discussions in this case.  Mr. Gharbi's appointment is for the additional limited purpose of advising plaintiff regarding the entry of the protective order as well as the importance of plaintiff's compliance with the terms of the protective order, to  include ensuring that the information subject to the protective order be filed under seal in any court filings.

The parties are directed to confer regarding the court's standard protective order and submit a proposed protective order for my review and signature by no later than **December 16, 2020.**  See Local Rule 104.13; Stipulated Order Regarding Confidentiality of Discovery Material, Local Rules App'x D at 142-146.  The discoverable information should be produced by no later than **seven days following the entry of the protective order**.

As you know, I suspended the scheduling order in this case (see ECF No. 79), pending the resolution of the then pending discovery disputes.  In light of this letter order, the parties should confer and provide a proposed scheduling order by no later than **December 22, 2020**.

Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

Very truly yours,


/s/
Beth P. Gesner
Chief United States Magistrate Judge


Cc: Mr. Rafiq Gharbi, Esq.